Dear Mr. Mohon:
You have requested an opinion of the Attorney General on behalf of the South Louisiana Port Commission (Commission). Therein, you state that the Commission currently owns a barge located in the Mississippi River which it uses as a mooring for servicing its fire protection vessel.
The barge has been damaged and is sinking. In an attempt to salvage the valuable equipment located on the damaged barge, the Commission is renting another barge; however, the rental barge is not adequately meeting the Commission's needs.
You ask whether the Commission can declare an emergency and purchase a new barge without going through the public bid process.
LSA-R.S. 38:2211, et seq., constitutes the State's Public Bid Law. Section 2212 requires that all purchases of materials or supplies (e.g. a barge) exceeding the sum of $10,000.00 to be paid out of public funds by a public entity must be advertised and let by contract to the lowest responsible bidder. Section 2211(10) defines "Public entity" to include any political subdivision of the state.
La. Const. Art. VI, Section 43 (1974) clearly designates port commissions as local governmental entities (i.e. political subdivisions of the state). Thus the Public Bid Law is applicable to the Commission. See Opinions of the Attorney General Nos. 92-708 and 84-619.
LSA-R.S. 38:2212(D) governs purchases made in cases of extreme public emergencies, and provides as follows:
 "D. (1) This Section shall not apply in cases of extreme public emergency where such emergency has been certified to by the public entity and notice of such public emergency shall, within ten days thereof, be published in the official journal of the public entity proposing or declaring such public emergency.
 (2) Limitations. (a) Every contract negotiated by a public entity under the authority of this Subsection shall be supported by a written determination and findings by the public entity justifying use of the authority. (b) When contract action under this authority is taken pursuant to telephone or other oral offers, a written confirmation of the accepted offer shall be obtained and made a part of the contract case file. In addition, whenever contract action is taken as authorized by this Subsection, a record shall be established by the public entity which shall contain, at a minimum, the following information with respect to each offer: a description of the work to be performed, the name and address of each offeror quoting, and the performance time and terms of each offer. If quotations lower than the accepted quotation are received, the reasons for their rejection shall be recorded and made a part of the contract case file. Such records shall be retained for a minimum of six years following the purchase or completion of the public work."
Section 2211(6) defines "emergency" as follows:
 "(6) An "emergency" means an unforeseen mischance bringing with it destruction or injury of life or property or the imminent threat of such destruction or injury or as the result of an order from any judicial body to take any immediate action which requires construction or repairs absent compliance with the formalities of this Part, where the mischance or court order will not admit of the delay incident to advertising as provided in this Part. In regard to a municipally owned public utility, an emergency shall be deemed to exist and the public entity may negotiate as provided by R.S. 38:2212D for the purchase of fuel for the generation of its electric power where the public entity has first advertised for bids as provided by this Part but has failed to receive more than one bid." (Emphasis added.)
As stated above, the sinking barge contained valuable equipment and supplies used by the Commission to service its fire protection vessel. It is my understanding that the damage to the barge was unforeseen. Further, the rental barge is inadequate to ensure the safekeeping of the Commission's property.
Based on the above facts, it is our opinion that an emergency exists and that the Commission may utilize the procedures set forth in LSA-R.S. 38:2212(D) in purchasing a new barge. Care should be taken that the Commission create and maintain the documentation required by Section 2212(D) and that it exercises its standard duty of prudent management in the selection of the vendor.
Trusting this to be of sufficient information, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:cdw-0019R